## FRANCIS D. KOONCE v. DAVID S. DAVIS.

The order of a superior military officer, of itself, will not justify his sub-
ordinate in taking private property for public use.   When, with such
order, there is an immediate military necessity for such taking, the
subordinate will be justified.

(*Bryan* v. *Walker*, 64 N. C. Rep. 141, cited and approved.)

CIVIL ACTION, to recover the value of a buggy, tried at the
Spring Term, 1874, of LENOIR Superior Court, before his
Honor, *Judge Clarke.*

The suit was originally commenced in Onslow Superior
Court and removed to Lenoir upon affidavit.

The defendant was an officer, of the rank of Major in the
infantry service of the Confederate States, and impressed from
the plaintiff in the village of Kinston, in the Spring of 1865,
the buggy in controversy.   On the trial in the Court below,
the case was submitted to the jury upon the following issues:

1.  Did the defendant take the buggy of the plaintiff?

2.  If he took said buggy, did he take it under the command
of a superior officer?

3.  Was there such a military emergency as to justify said
taking?

4.  Did defendant refuse to restore the buggy when ordered
by the General in command?

The jury found the first three issues in the affirmative, and
the fourth in the negative.

The material facts of the case are :  The defendant was Major
in a regiment of Brigadier General Kirkland's Brigade; the
General was sick, and told the defendant that he wished to be
with his troops, as he was expecting an engagement with the
enemy; and as he could not ride on horse-back, nor go in an
ambulance, that he must order a detail and take the buggy.
The defendant did so, but he never saw the buggy and did not
know whether it was taken or not, nor did he know the men
who were detailed.   His orders were given through a Ser-

geant; that a buggy could go where an ambulance could not; that the buggy was hitched to an army wagon and taken from Kinston; and that the Federal forces, before whom the Confederate forces were retreating, occupied the town a short time afterwards. That when Gen. Kirkland ordered the buggy to be impressed, he said in reply to objections made by the defendant, that he might as well have the buggy as the enemy. That immediately after the buggy was impressed, an order was obtained from R. F. Hoke, the General in command, to restore said buggy, which order was read to the men who were hitching it to the ambulance; but there was no evidence that this order came to the knowledge of the defendant. That the taking the buggy; the obtaining and reading Gen. Hoke's order, all took place in a period of ten minutes and at a space of seventy-five yards.

The plaintiff asked his Honor to charge the jury:

1. If the jury believed that Gen. Hoke issued an order for the restoration of the property in controversy to the plaintiff, and the same was made known to any officer or private who had control of said property, then they should find for the plaintiff.

2. If the jury believed that Gen. Hoke issued an order for the restoration of the property in controversy, and the said order was made known to, or that the defendant, Maj. Davis had any grounds to believe such order existed, they must find for the plaintiff.

3. That in order to justify the defendants in taking the buggy, on the ground of necessity, they must believe that the property taken was indispensably necessary for the support of the army, or that it would facilitate their retreat, as an organized army.

4. That the taking of a buggy to carry a sick officer, was not such a necessity as would justify the defendant, unless he could prove the loss of the ambulance; or that sickness was so great in the army, that the patients could not be transported in the ambulance, and there is no evidence before them of either.

These instructions his Honor refused and charged the jury:

That if they believed the defendant took the plaintiff's buggy, for the military service, and not for his private or individual use, and there was necessity for the seizure, then though he had no order from a superior officer, he was justified in so doing, and the jury would find for defendant.

That if the defendant seized the buggy by order of his superior officer, he was justified in so doing, and they would find for defendant. To this charge of his Honor, the plaintiff excepted.

The jury returned their verdict in favor of defendant. Judgment accordingly and appeal by the plaintiff.

*Hubbard and Isler*, for appellant.
*Smith & Strong*, contra.

BYNUM, J. This case is governed by the decision of this Court in *Bryan* v. *Walker*, 64 N. C. Rep., 141. In that case the plaintiff recovered because the defendant failed to establish that the impressment was made under an urgent necessity for the public service, such as did not admit of delay, and where the civil authority would be too late in providing the means which the occasion called for. It is not the order of his superior that justifies a military officer in doing an unlawful act; and if the defendant had rested his case upon that proposition, he would have failed. But he went further, and the jury has found that there was a military necessity for the taking; and the facts set forth in the case fully warrant such a finding.

The impressment of the buggy by order of the defendant, in obedience to the command of Gen. Kirkland, being justified by the emergency, the evidence fails to bring home to the defendant any notice of the order of Gen. Hoke for its restoration to the plaintiff. He is therefore not affected by the disobedience and insubordination of others. The jury has found

that the defendant had no notice of the countermanding order of Gen. Hoke, and that he did not refuse the buggy.

The charge of his Honor was correct in law ; and this verdict of the jury in favor of the defendant, upon all the issues, conclude the parties.

There is no error.

PER CURIAM.                          Judgment affirmed.